# United States v. Simon Gogolack
## 23-CR-99-JLS-JJM

## Defendant's Exhibit A

7-1 LIMS (Rev. 01/09/2023)

UNCLASSIFIED



# FBI Laboratory

2501 Investigation Parkway
Quantico, Virginia 22135

4940/4946 Fowler Road
Huntsville, Alabama 35898

## LABORATORY REPORT

To:   Adam Penna
      Buffalo

Date: November 3, 2023

Case ID No.: BF-3179872-DEATH_QUINN

Lab No.: 2023-01754-12

Communication(s):   September 27, 2023; October 20, 2023

Agency Reference(s):   BF-3179872

Subject(s):

Victim(s):   Crystal Quinn; VICTIM 1 ; VICTIM 2

Discipline(s):   DNA

This document may contain privileged and/or personally identifiable information, including information related to juveniles and other protected individuals. This document must be afforded the protection required by applicable law, regulation, and policy. If you are not the intended recipient of this document, please destroy it promptly without further retention or dissemination, unless otherwise required by law.

FBI Laboratory Evidence Designator(s):

| | |
|---|---|
| Item 34 | Buccal sample from VICTIM 1 |
| Item 36 | Buccal sample from VICTIM 2 |
| Item 40 | Two swabs from top of wall one in Room A at House 1 |
| Item 41 | Two swabs from middle of wall one in Room A at House 1 |
| Item 42 | Two swabs from bottom of wall one in Room A at House 1 |
| Item 43 | Two swabs from top of wall behind stairs in Room A at House 1 |
| Item 44 | Two swabs from bottom of wall behind stairs in Room A at House 1 |
| Item 45 | Four swabs from side of stairs in Room A at House 1 |

Page 1 of 5

UNCLASSIFIED

| Item 46 | Two swabs from bottom step in Room A at ███ House 1 ███ |
| --- | --- |
| Item 47 | Two swabs from beam support in Room A at ███ House 1 ███ |
| Item 48 | Two swabs from vertical beam in Room A at ███ House 1 ███ |
| Item 49 | Chair from floor in Room A at ███ House 1 ███ |
| Item 50 | Liquid blood sample from Crystal Quinn |
| Item 51 | Buccal sample from Sharon Quinn |
| Item 52 | Buccal sample from John Grieco |

The items listed above were subjected to serological testing and/or nuclear deoxyribonucleic acid (DNA) analysis.[1] Probabilistic genotyping was performed using the STRmix™ software.

**RESULTS OF SEROLOGICAL AND NUCLEAR DNA EXAMINATIONS:**

The DNA typing results from C. QUINN was compared to the DNA typing results from item 32(1) [previously reported under FBI Laboratory Number 2023-01754-5, FBI Case ID BF-3179872, in the report dated September 26, 2023].

Per communication with Special Agent Adam Penna on October 20, 2023, S. QUINN and GRIECO were provided as elimination samples for comparison to item 32(1). However, based on the nature of the results, S. QUINN and GRIECO were not required for interpretation of item 32(1).

### Item 32(1) (swabbing of textured areas of lighter)

Male DNA[2] was obtained from item 32(1). Item 32(1) was interpreted as originating from three individuals.

The DNA results from item 32(1) are 41,000 times more likely if C. QUINN and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
| --- | --- | --- |
| C. QUINN | 41,000 | Strong Support for **Inclusion** |

UNCLASSIFIED

### Items 40, 41, 42, 43, and 47 (swabs from top of wall one, middle of wall one, bottom of wall one, top of wall behind stairs, and beam support)

Blood was indicated on items 40, 41, 42, 43, and 47.[5]

No DNA or sex typing results[6] were obtained from items 40, 41, 42, 43, or 47; therefore, no comparisons can be made.

### Items 44, 45, 46, and 48 (swabs from bottom of wall behind stairs, side of stairs, bottom step, and vertical beam)

Blood was not detected on items 44, 45, 46, or 48.[7]

### Item 49 (chair)

Blood was indicated on item 49.[5]

#### Item 49(1) (swabbing of stained area on leg of chair)

No conclusion regarding sex typing results can be provided for item 49(1). No DNA typing results[6] were obtained from item 49(1); therefore, no comparisons can be made.

#### Item 49(2) (swabbing of edges of arms and back of chair)

No DNA or sex typing results[6] were obtained from item 49(2); therefore, no comparisons can be made.

### Database Entry Information:

The DNA results obtained from the tested items are not eligible for entry into the Combined DNA Index System (CODIS).

No other serological or nuclear DNA examinations were conducted.

### Methods/Limitations:

The following methods and limitations apply to the results/conclusions provided in the results section(s) of this report and are referenced by number in the body of the text for clarity.

[1] DNA analysis was performed using the Quantifiler™ Trio DNA Quantification Kit for the quantitation of human DNA and the GlobalFiler™ PCR Amplification Kit for the DNA typing of short tandem repeats (STRs).

[2] The presence of male DNA in a mixture may limit the ability to determine if female DNA is also present in that mixture.

Page 3 of 5

2023-01754-12

UNCLASSIFIED

UNCLASSIFIED

[3] The likelihood ratio is a statistical approach that compares the probabilities of observing the DNA results under two alternative propositions. Calculations were performed using the African American, Caucasian, Southeastern Hispanic, and Southwestern Hispanic populations. The lowest calculated likelihood ratio is reported.

[4] These likelihood ratio ranges provide the following support for the conclusion:

| Likelihood Ratios: | Qualitative Equivalent: |
|---|---|
| ≤1/100 | **Exclusion** |
| >1/100 to 1/2 | Limited Support for **Exclusion** |
| 1 | Uninformative |
| 2 to <100 | Limited Support for **Inclusion** |
| 100 to <10,000 | Moderate Support for **Inclusion** |
| 10,000 to <1,000,000 | Strong Support for **Inclusion** |
| ≥1,000,000 | Very Strong Support for **Inclusion** |

[5] This conclusion is based on a positive presumptive test. This result provides an indication that blood may be present on an item, but does not constitute an identification of blood.

[6] Insufficient DNA quality and/or quantity can affect the ability to generate a result and is not an absolute determination that an individual did not come into contact with an item of evidence.

[7] This conclusion is based on a negative presumptive test. Insufficient quality and/or quantity of biological material may affect the ability to detect blood.

**REMARKS:**

If future comparisons are requested, a known blood or buccal (saliva) sample from the subject should be submitted. Items 40, 41, 42, 43, and 47 were consumed during the DNA Casework Unit examinations.

The work described in this report was conducted at the Quantico Laboratory, and the results will be maintained by the FBI Laboratory for possible future comparisons. This report contains the opinions and interpretations of the issuing examiner and is supported by records retained in the FBI Laboratory file. This report conforms to the Department of Justice Uniform Language for Testimony and Reports for Forensic Serological Examinations and for Forensic Autosomal DNA Examinations Using Probabilistic Genotyping Systems. For questions about the content of this report, please contact Forensic Examiner Jaclyn Garfinkle at (703) 632-8830 or jgarfinkle@fbi.gov. For questions about the status of your submission, including any remaining forensic examinations, please contact Erin Farais at (703) 632-7647 or eefarais@fbi.gov.

The submitted items will be returned to you under separate cover. In addition to the evidence in the case, secondary evidence was generated that will also be returned to you. The secondary evidence can be found in a package marked DNA Secondary Evidence.