UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                                    **23-CR-99-LJV-JJM**

     v.

                                             **REPLY TO RESPONSE**

SIMON GOGOLACK,

            Defendant.

_____

Citing the importance of judicial economy, the government spends 27 pages arguing to this Court that Mr. Gogolack is not entitled to a renewed detention hearing. But the government does not address this Court's clear message that the defense was at a "disadvantage" during the initial hearing since counsel had just been recently assigned, and because only limited discovery had been turned over. The defense motion to reopen the hearing cites one example demonstrating why courts consistently compel disclosure in detention hearings and why this Court should require further disclosure in setting a new hearing. Nonetheless, the government doubles down on its pattern of withholding evidence, bookending its memorandum in opposition with references to alleged jail calls that it has not turned over the defense.

 Moreover, the government continues to mischaracterize the limited material it has disclosed. The government asserts that certain photos proves that Mr. Gogolack possessed weapons on July 21, 2023. *See* Gov. Resp., at 3 ("[T]he firearm possession established that Mr. Gogolack engaged in dangerous and violent crime as recently as July 21, 2023."). What the government again fails to recognize is that the photos allegedly found on the phone are not photos at all, but screenshots of photos taken elsewhere. This is significant because even if the government could prove that this was Mr. Gogolack's phone and that he had exclusive access to

it, it cannot prove that Mr. Gogolack actually took photos of the firearms, much less that he possessed any firearm or "engaged in dangerous and violent crime" (*id.*) on the date associated with the screenshot. If anything, it helps to the show the opposite: that Mr. Gogolack did not possess the pictured firearms on that day (or else he would have taken an actual photo, not a screenshot of another photo from an unknown place at an unknown date). Indeed, each of the "photos" relied on by the government are nothing more than screenshots. Below is just one example, with the relevant metadata highlighted:



Name:          Screenshot_20230721-002909.png
Type:          Images
Size (bytes):  725266
Path:          Media/Internal shared storage/Pictures/
               Screenshots/Screenshot_20230721-002909
Created:       7/21/2023 12:29:10 AM
Accessed:
Modified:
Changed:
Deleted:
Extraction:    Advanced Logical
MD5:           4039455a305ae54150728c6afa3e8568
Source file:   Screenshot_20230721-002909.png

This is another example justifying this Court's practice of requiring disclosure of items on which the government relies.

Mr. Gogolack is entitled to a fair hearing in which he has advance notice and disclosure of the evidence that the government intends to use against him. The limited disclosures to date – such as the FBI lab report that, hard as the government may try to skirt it, provides in plain English that no blood can be identified, and the photos that are not photos – are just two examples that bring home this point.

Accordingly, it is submitted that this Court set a detention hearing, as well as a deadline one week in advance of that date for the disclosure of all evidence the government intends to use at the hearing.

**DATED**:                    Buffalo, New York, February 13, 2024

                                        Respectfully submitted,

                                        **/s/ Jeffrey T. Bagley**
                                        Jeffrey T. Bagley
                                        Assistant Federal Public Defender
                                        Federal Public Defender's Office
                                        300 Pearl Street, Suite 200
                                        Buffalo, New York 14202
                                        (716) 551-3341, (716) 551-3346 (Fax)
                                        jeffrey_bagley@fd.org
                                        Counsel for Defendant Simon Gogolack

**TO:**    Casey Chalbeck, *et al.*
           Assistant United States Attorneys