IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                                                          23-CR-99-LJV

SIMON GOGOLACK, et al.,

       Defendants.
_____

## RESPONSE TO DEFENDANT SIMON GOGOLACK'S AFFIRMATION

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby submits the following response to defendant Simon Gogolack's affirmation. ECF No. 77, (dated Feb. 26, 2024).

### I.  BACKGROUND

After granting defendant Simon Gogolack's motion to reopen detention proceedings, this Court directed the government to "produce to defendant all evidence that it intends to rely upon at the detention hearing." Text Order, ECF No. 61, (Feb. 15, 2024). On February 23, 2024, the government notified the Court and counsel that it would proceed by proffer. Three days later, Mr. Gogolack, through counsel, submitted an affirmation accusing the government of violating the Court's order. *See* Affirmation at 1–2, ECF No. 77, (dated Feb. 26, 2023). Specifically, Mr. Gogolack contends that "[t]his Court's Order that the government must provide discovery was not cabined to non-proffer detention hearings" and averred that the government "did not

produce any discovery pursuant to this Order," to include the evidence undergirding its anticipated proffer. *Id.* at 1. Consequently, Mr. Gogolack asks the Court to "compel disclosure under threat of sanction or preclude reliance on any information not disclosed." *Id.* at 2.

## II.   ARGUMENT

This Court should reject that request. As it relates to an evidentiary proffer, the government interpreted the Court's order "in a manner that permit[ed] [it] to coexist harmoniously with overarching and controlling . . . precedent." *United States v. Hansen*, 929 F.3d 1238, 1254 (10th Cir. 2019). On that score, irrespective of the government's evidentiary presentation in other related detention hearings, "Congress did not envisage that a formal evidentiary hearing would be needed to resolve" detention matters. *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1986). Rather, because "the thrust of the [Bail Reform Act] is to encourage informal methods of proof," detention hearings are neither "to resemble mini-trials" nor "serve . . . as a discovery tool for the defendant." *Id.*

Given the "informal" nature of detention hearings, *id.*, "the government may proceed by proffer," which by definition excludes the presentation of live-witness testimony or formal evidence. *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995); *see United States v. Salerno*, 481 U.S. 739, 743 (1987) (government relied on lengthy proffer derived from electronic surveillance and anticipated testimony for pretrial detention hearing). Interpreting this Court's order to extend to the government's proffer, as opposed to the presentation of exhibits, would turn these precedents on their heads: it would formalize a proceeding centered on informal methods of proof and create a mini-trial that doubles as the defendant's discovery device. *See United States v. Davis*, 845 F.2d 412, 415 (2d Cir. 1988). As an unbroken line of precedents demonstrates, the kind of hearing Mr. Gogolack requests falls far beyond what Congress contemplated when

2

crafting the Bail Reform Act. *See id.*; *see also Martir*, 782 F.2d at 1144; *Ferranti*, 66 F.3d at 542; *United States v. LaFontaine*, 210 F.3d 125, 131 (2000) ("[B]ail hearings are 'typically informal affairs, not substitutes for trial or even for discovery. Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it.'" (quoting *United States v. Acevedo–Ramos*, 755 F.2d 203, 206 (1st Cir. 1985) (Breyer, J.))).

Moreover, adopting Mr. Gogolack's interpretation is inconsistent with the Court's recent discovery order, which requires the government to disclose all discovery by May 23, 2024, and would effect an end run around the orderly, fair, and safe disclosure of evidence. *See* Text Order, ECF No. 74, (dated Feb. 23, 2024). Those interests are especially important here, where Mr. Gogolack has publicly shared on his Facebook page—in a post directed to his alleged co-conspirators—that his "discovery will be openly shared," as pictured below.



What's more, in recorded jail calls, Mr. Gogolack stated that he intended to "sell the names of my fuckin victims" and "I'm gonna sell the names in discovery and the media is gonna pay for this shit." Proffering makes particular sense here, where Mr. Gogolack has both openly and privately broadcasted his desire to weaponize the discovery process to harm victims.

Accordingly, the government respectfully requests that the Court deny the relief requested in Mr. Gogolack's affirmation.

DATED: Buffalo, New York, February 26, 2024.

                                              TRINI E. ROSS
                                              United States Attorney

BY:    s/ CASEY L. CHALBECK
         s/ JOSEPH M. TRIPI
         s/ NICHOLAS T. COOPER
         Assistant United States Attorneys
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         (716) 843-5881
         Casey.Chalbeck@usdoj.gov