UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

         v.

SIMON GOGOLACK,

         Defendant.
_____

**23-CR-99-JLS-JJM**

**NOTICE OF MOTION**

| | |
|---|---|
| **MOTION BY:** | Jeffrey T. Bagley, Assistant Federal Public Defender |
| **DATE, TIME & PLACE:** | Before the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York, **on the papers submitted.** |
| **SUPPORTING PAPERS:** | Memorandum of Assistant Federal Public Defender Jeffrey T. Bagley, dated March 12, 2024 |
| **RELIEF REQUESTED:** | Compel Discovery |
| **DATED:** | Buffalo, New York, March 12, 2024 |

**/s/ Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
jeffrey_bagley@fd.org
*Counsel for Defendant*

**TO:**    Casey Chalbeck, et al.
         Assistant United States Attorneys
         Western District of New York
         138 Delaware Avenue, Federal Centre
         Buffalo, New York 14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,　　　　　　　　　23-CR-99-LJV-JJM

　　v.

SIMON GOGOLACK,　　　　　　　　　　　　　　MEMORANDUM IN SUPPORT
　　　　　　　　　　　　　　　　　　　　　　　OF MOTION TO COMPEL

　　　　　　Defendant.
_____

On March 1, 2024, this Court ordered that the defendant identify in writing the specific items of discovery underlying the government's proffer that the defense seeks. Mr. Gogolack moves for disclosure of the following:

| ITEM REQUESTED | GOVERNMENT RELIANCE ON ITEM |
| --- | --- |
| Audio recording of jail calls | • Response in Opposition by USA as to Simon Gogolack re 55 Motion Reopen Detention Hearing ("Response"), pgs. 1, 27 (Dkt. 56).<br>• 3/1/24 Detention Hearing, Tr. at 15, 16-17, 22. (Ex. A)<br>• *Government indicated it would turn over all jail calls relied on.* (3/1/24 Hr'g Tr., at 21). |
| Report(s) from witnesses of alleged kidnapping | 9/14/23 Detention Hearing -- "So what we have here is reports from witnesses, multiple witnesses, more than one with corroborating evidence that between the time of the search warrant at the defendant's residence and the time of his arrest, the defendant communicated, and it says with at least one individual, I can confirm for the court now its at least two individuals and attempted to intimidate and threaten them from communicating with law enforcement." (Hr'g Tr., at 23-24.) (Ex. B). |
| Reports of witnesses that the defendant impersonated Scott Drummond. | 9/14/23 Detention Hearing – "Now, we could receive witness testimony from numerous |

| | |
|---|---|
| | individuals that they've personally witnesses the defendant pretending to be this other person named Scott Drummond. . ." (Hr'g. Tr., at 27); *See also* Hr'g Tr., at 36. |
| Statements from law enforcement and "locals from Wellsville" that the scene had been tampered with. | 9/14/23 Detention Hearing – "Law enforcement, locals from Wellsville when that he arrived indicated to the FBI in subsequent interviews that they believed that the scene had been cleaned up or tampered with by this defendant before he called them." (Hr'g. Tr. at 32-33.) |
| Reports from attorney statement that Crystal Quinn did not mention harming herself. | 9/14/23 Detention Hearing – "The government has spoken with that attorney who acknowledged that he spoke with CQ and indicated that CQ in no way mentioned harming herself and that she planned on attending a meeting with him and the government later that week." (Hr'g TR., at 33). |
| Reports of brandishing a firearm and holding individuals captive. | 9/14/23 Detention Hearing – "[T]here are multiple witnesses to an incident where the defendant used the same shotgun that you've seen in those pictured to hold a drug user against his will in the defendant's basement for upwards of three hours, that he struck that person with the spikes on the front of that shotgun . . . Those individuals corroborate each other . . . ." (Hr'g Tr., at 34.) |
| Medical Examiner Reports, Coroner Reports, Autopsy Reports, and any other reports regarding the death of Crystal Quinn. | • 3/1/24 Detention Hearing – "As the defendant stands today, he's charged in an obstruction conspiracy in Count 1 relating to the death of a witness. He's charged in Count 2 with a witness tampering conspiracy related to the death of a federal witness. He's charged in Count 3 with a witness retaliation conspiracy related to the death of a federal witness." (Hr'g Tr., at 31.)<br>• John Ermin Detention Hearing, 12/19/23 – [T]his was enough cocaine to, or, sorry, Fentanyl to kill everyone in the courthouse, so nobody accidentally overdoses with that much. She had 1200 nanograms in her. A low end overdose is three. So, she had instant death, not party |

3

|  | amount. The scene was cleaned. That appeared clear. (Ex. C.)<br>• 9/14/23 Detention Hearing and Response at pgs. 8-9 – Government claims that Mr. Gogolack lied about the circumstances of Crystal Quinn's death and implies that he was responsible for it. From the government's PowerPoint slides:<br>  ○ "The defendant was deceptive with law enforcement."<br>  ○ "It is impossible to believe that the defendant was unaware that C.Q. was dead."<br>  ○ "The defendant provided a completely conflicting account of his actions in the 24 hours leading up to her death."<br><br>• *Despite having the autopsy report since September 2023 and despite that this report is the main piece of evidence supporting the most serious charge, the government has still not disclosed this pivotal document to defense, five months later.* |
|---|---|
| Cash App payments and messages | 9/14/23 Detention Hearing – "[W]hat we have is the defendant sending a CashApp payment to a witness and the defendant sends $1 so a nominal amount and the message is for the 6th Amendment" . . . "and the people who received these messages, and its more than one person, perceived it as a threat from this defendant." (Hr'g Tr., at 26.) |

This memorandum incorporates previous briefing in support of the disclosure of these items. In keeping with that briefing, this Court's long practice, fundamental fairness, and caselaw, this Court should compel the disclosure of the items listed above so that the defense can properly respond.

**DATED**:	Buffalo, New York, March 12, 2024

                                          Respectfully submitted,

                                          **/s/ Jeffrey T. Bagley**
                                          Jeffrey T. Bagley
                                          Assistant Federal Public Defender
                                          Federal Public Defender's Office
                                          300 Pearl Street, Suite 200
                                          Buffalo, New York 14202
                                          (716) 551-3341, (716) 551-3346 (Fax)
                                          jeffrey_bagley@fd.org
                                          Counsel for Defendant Simon Gogolack

**TO:**	Casey Chalbeck, *et al*.
        Assistant United States Attorneys