IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                                              23-CR-99-LJV

SIMON GOGOLACK, et al.,

            Defendants.
_____

## RESPONSE IN OPPOSITION TO DEFENDANT GOGOLACK'S MOTION TO COMPELL

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby submits the following response in opposition to defendant Simon Gogolack's motion to compel. ECF No. 96, (dated Mar. 12, 2024).

### I. BACKGROUND

On February 2, 2024, Simon Gogolack moved to reopen his detention hearing. *See* Mot. to Reopen, ECF No. 55, (dated Feb. 2, 2024). For the basis of his motion, Mr. Gogolack claimed that an FBI laboratory report was inconsistent with the government's proffer during his previous detention hearing. *See id.* at 4. Though the FBI report detailed positive preliminary blood findings at multiple sites in Mr. Gogolack's basement, and thus was consistent with the government's proffer, the Court granted Mr. Gogolack's motion. *See* Text Order, ECF No. 61 (Feb. 15, 2024).

During the subsequent detention hearing, the government represented that it would rely on several jail calls between Mr. Gogolack and his co-defendant, Cortnie Barber. *See* Det. Hr'g Tran. at 26, (dated Mar. 1, 2024) ("The jail calls that I proffered with respect to Miss Barber—which I don't believe we proffered in that initial Gogolack detention hearing—are something that I would rely on."). Counsel for Mr. Gogolack asked that the government "provide the discovery that relates to the detention hearing, and they're relying on jail calls" and stated that "it sounds like there's two or three of them. Give them to me." *Id.* at 21. The government agreed that it would provide the jail calls Mr. Gogolack sought and, as of this filing, has made those calls available to Mr. Gogolack. *See also* Text Order, ECF No. 85, (dated Mar. 1, 2024) ("At today's detention hearing, the government agreed to produce to Gogolack the audio recording of the jail calls referenced during its proffer.").

## II.   ARGUMENT

Mr. Gogolack—who has been indicted for, among other crimes, conspiring to kill a federal witness, discussed killing people over jail calls, and threatened to sell his discovery—seeks reports and grand jury testimony from witnesses, as well as other evidence, including material the government never introduced in *his* detention hearing. The Court should deny his request for three reasons.

*First*, Mr. Gogolack has no right to discovery material the government does not intend to rely on as a basis for his detention. *See United States v. Lewis*, 769 F. Supp. 1189, 1192 (D. Kan. 1991) ("[A] detention hearing is not a vehicle for discovery."); *accord United States v. Acevedo-Ramos*, 755 F.2d 203, 207–08 (1st Cir. 1985) (Breyer, J.) ("Through *sensible* exercise of this power of [production], the judicial officer can make meaningful defendant's right to cross-examine without unnecessarily transforming the bail hearing into a full-fledged trial or

2

defendant's discovery expedition." (emphasis added)); *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("A pretrial detention hearing . . . is neither a discovery device for the defense nor a trial on the merits.").

Indeed, owing to grave and ongoing concerns regarding Mr. Gogolack's desire to engage in future acts of witness tampering—and to preserve the orderly production of discovery—the government intends to rely on already-produced material and the aforementioned jail calls during the next iteration of Mr. Gogolack's detention hearing. *See, e.g.*, Det. Hr'g Tran. at 13 ("Mr. Gogolack essentially [ ] through his public Facebook posts, and privately, has expressed a desire and an intention to weaponize the discovery process."). Consistent with this, even Mr. Gogolack's counsel acknowledged on March 1st that his request was limited to "the evidence that [they government was] relying on." Det. Hr'g Tran. at 21.

*Second*, and relatedly, the Court should not grant motions that would enable defendants to circumvent existing orders. In that vein, while the government appreciates that Mr. Gogolack is eager to receive the discovery in this matter, the Court's February 23, 2024, Order provides the government 90 days to complete that task. Mr. Gogolack's motion would effectively turn the Court's discovery order on its head by permitting Mr. Gogolack—and only Mr. Gogolack— access to material outside the scope of the government's detention motion. This Court's prior directive reflects a more "sensible exercise of th[e] power of [production]" exists and the government has produced or made available all the material it intends to rely upon. *Acevedo-Ramos*, 755 F.2d at 207–08. Anything greater necessarily risks "transforming the bail hearing into [Mr. Gogolack's] . . . discovery expedition," a result Congress never intended in crafting the Bail Reform Act. *Id.*

*Third*, and finally, ordering disclosures of Grand Jury transcripts of witness testimony in a detention context would be a clear end run around the strictures of Title 18, United States Code, Section 3500, which entitle a defendant to witness statements after the witness has testified at the hearing. *See* FED. R. CRIM. P. 26.2(a) ("After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."); FED. R. CRIM. P. 46(j) (extending the Jencks Act to detention hearings). Because no witnesses will testify at Mr. Gogolack's detention hearing, the government is not required under the Jencks Act to produce any witness statements. *See United States v. Ortiz*, No. CRIM.A. 11-251-08, 2013 WL 247226, at *4 (E.D. Pa. Jan. 23, 2013) (holding that the government is not required to disclose "relevant *Jencks* material" in connection with a pretrial detention hearing where the government did not intend to present any witness testimony).

Accordingly, the government respectfully asks that this Court deny Mr. Gogolack's motion to compel as moot insofar as he requests already-disclosed jail calls and otherwise deny the motion.

### III.  CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Mr. Gogolack's Motion to Compel (ECF No. 96).

DATED:  Buffalo, New York, March 19, 2024.

TRINI E. ROSS<br>
United States Attorney

BY:   s/ CASEY L. CHALBECK
        s/ JOSEPH M. TRIPI
        s/ NICHOLAS T. COOPER
        Assistant United States Attorneys
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5881
        Casey.Chalbeck@usdoj.gov