UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     v.

SIMON GOGOLACK,

                Defendant.

_____

**23-CR-99-LJV-JJM**

**MOTION TO SET A HEARING, SANCTIONS, AND OTHER RELIEF**

On February 23, 2024, this Court set a 90-day deadline for the government to provide all discovery. This rare and exceptionally long period of time was granted at the government's request. Despite that, the government has willfully failed, and continues to willfully fail, to abide by this Court's Order.

When this Court learned of the government's non-compliance at a status conference on June 3, 2024, it provided time for the defense to file a motion addressing potential consequences. (Dkt. No 122). To that end, Mr. Gogolack now requests a hearing on the issue of the government's failure to comply with the Order. At such a hearing, the government would provide evidence of the efforts it undertook to comply with the Order, and subsequently, based on that hearing, defense counsel would then be in position to make an informed and tailored request for sanctions.

To avoid unnecessary repetition, this motion incorporates the factual basis from Mr. Gogolack's response to the government's second motion to exclude the speedy trial time, as well as any factual recitation in any briefing by counsel for Mr. Gerace on this issue.

There should be little dispute that the government's failure to comply with this Court's discovery order may warrant sanctions -- such as those enumerated in Rule 16, as well as vacatur of this Court's previous exclusion of speedy trial time between February 23, 2024 and June 3, 2024. Indeed, there is strong precedent for such relief in this district alone. *See United States v. Morgan*, 493 F. Supp. 3d 171, 204–08 (W.D.N.Y. 2020); *United States v. Graham*, No. 21-CR-195-LJV-MJR, 2022 WL 2873876, at *4 (W.D.N.Y. May 2, 2022), report and recommendation adopted, No. 21-CR-195-LJV-MJR, 2022 WL 2872652 (W.D.N.Y. July 21, 2022) ("Similarly [to *Morgan*] here, even though the Court's prior order did indeed exclude STA time from August 26, 2021 through November 30, 2021, **that exclusion was contingent upon the Government providing discovery to defense counsel and engaging in plea negotiations. Also like the facts of *Morgan*, it is undisputed that these conditions were never met**. Thus, the Court vacates its prior interest of justice exclusion and finds that the STA clock continued to run between August 26, 2021 and November 30, 2021."). (Emphasis added).

Several facts weigh in favor of the granting of hearing and eventual sanctions.

First, the government got the deadline it wanted. This is not a case of the government bumping up against an aggressive deadline set over its objection. In fact, the government suggested that the 90-day deadline would be more than enough, characterizing the difference between a 60- and a 90-day deadline as a "cushion." Tr. Feb. 23, 2024 at 7-8. (Attached as Ex. A[1]).  After receiving their requested deadline, the government never moved to adjourn that deadline.

---

[1] The date of this transcript is incorrectly listed as August 30, 2023 on the cover page.

Second, the government violated the order in multiple ways. This Court ordered rolling discovery to the extent practicable. The government indicated that rolling discovery would be practicable. *Id.* at 10. The government did not provide any rolling discovery, and even went so far as to curtail its own detention argument against Mr. Gogolack for the sole purpose of keeping discovery to itself. *See* Text Order, Dkt. No 105.[2]

Third, after the discovery deadline had passed, the government essentially said it would continue violating the Court's discovery order until a heretofore undiscussed protective order was agreed to. In their May 29, 2024 email, the government wrote: "Once the protective order is authorized by the Court, we will release the discoverable material." Dkt. 123-1 at 7. The government doubled down at the June 3, 2024 status conference: "The government advised the Court that it intended to provide the discoverable material as soon as the terms of a protective order were agreed upon." Dkt. 123-1 at 9. Thus, the government did not accidentally violate the Court's deadline; it affirmatively decided not to comply with it. Despite never mentioning a

---

[2] That Text Order reads:

> Before the court is defendant Gogolack's motion to compel discovery relating to his reopened detention hearing. In response, the government states that it **"intends to rely on already-produced material and the aforementioned jail calls during the next iteration of Mr. Gogolack's detention hearing".** Government's Response 100 at 3. While agreeing that he "has no right to discovery of evidence that the government has not relied on in detention hearings", Gogolack argues that "the government has already relied on the evidence that [he] now seeks. That bell cannot be un-rung". Gogolack's Reply 102 at 1. I disagree: if I limit my consideration to documentation which Gogolack now possesses, he is not prejudiced by lack of access to other documentation. Therefore, his motion 96 is denied as moot.

> (emphasis added).

protective order to the Court or counsel during the preceding 90+ days, the government now conditioned its compliance on a protective order.

Moreover, the government's decision to violate the discovery order undermined their rationale for the 90-day deadline. For instance, the government claimed to need the generous deadline to "get this right . . . make sure no stone is left unturned." *Id*. at 7.

108 days have passed since the government represented that the extended 90-day deadline would "almost invariably will save time on the back end." *Id*. Yet, as of the writing of this motion, the actual defendants in this case have nothing.[3]

A hearing would also allow the Court to learn important and relevant information, such as:

    a.  How the government determined a 90-day discovery deadline was needed;

    b.  Whether rolling discovery was practicable;

    c.  What efforts the government took relative to rolling discovery;

    d.  What efforts the government undertook to meet the May 23, 2024 discovery deadline;

    e.  When the government learned a hard drive would be necessary, and when the government learned a three terabyte hard drive would be necessary;

    f.  When the government determined a protective order was appropriate, and when the government decided to request a protective order;

    g.  When did the government learned that it would not (or could not) follow the Court's discovery order.

---

[3] While the government finally provided discovery under a strict "attorneys-eyes only" limitation on June 5, 2024, defense counsel remains extremely limited in how it engages with that discovery. Counsel cannot, for instance, share it with their clients or review it with any experts, both of which are essential for the preparation of their defense.

Accordingly, Mr. Gogolack respectfully requests that the Court order a hearing on the government's failure to comply with the Court's February 23, 2024 discovery order and provide discovery of the evidence relevant to that hearing two weeks before that hearing.

After such hearing, this Court should set a briefing schedule to determine what sanctions to impose. Mr. Goglack further joins in any relief requested by counsel for Mr. Gerace.

**DATED**:　　　　　　Buffalo, New York, June 10, 2024

　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　**/s/ Jeffrey T. Bagley**
　　　　　　　　　　Jeffrey T. Bagley
　　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　　Federal Public Defender's Office
　　　　　　　　　　300 Pearl Street, Suite 200
　　　　　　　　　　Buffalo, New York 14202
　　　　　　　　　　(716) 551-3341, (716) 551-3346 (Fax)
　　　　　　　　　　jeffrey_bagley@fd.org
　　　　　　　　　　Counsel for Defendant Simon Gogolack

**TO:**　　Nicholas Cooper, Joseph Tripi, Casey Chalbeck, *et al*.
　　　　Assistant United States Attorneys