UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.

SIMON GOGOLACK,

                Defendant.

_____

**23-CR-99-LJV-JJM**

**RESPONSE TO MOTION FOR
EX PARTE MOTION FOR A
PROTECTIVE ORDER**


## INTRODUCTION

After terminating negotiations, the government moved for a protective order that was broad in scope and its restrictions. *See* Dkt. 129-1. Because the government's proposed protective order applies to every single piece of discovery and implicates Mr. Gogolack's constitutional rights to present a defense and counsel, the Court should grant defense counsel access to the government's *ex-parte* affidavit allegedly justifying those restrictions. Should the Court deny that request, the Court instead should tailor the protective order's terms to this case's circumstances, as detailed in the defense's proposed protective order. Further, as part of this response, counsel for Mr. Gogolack:

1. Requests access to the government's ex-parte affidavit (Dkt. 129-2) supporting their request for a protective order[1];

2. Reserves the right to change or modify the arguments and proposal in this response based on Dkt. 129-2, should the Court grant access; and

_____

[1] Mr. Gogolack joins in Mr. Gerace's request for access to the government's application (Dkt. 136) and offers additional argument in favor of access.

3.  Should the Court deny the defense access and find a protective order appropriate, requests the revisions to the government's proposed protective order detailed here.

## ARGUMENT

Mr. Gogolack has a constitutional right to effective assistance of counsel. U.S. const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 683, (1984). Effective counsel is duty bound to investigate the case and "explore appropriate avenues that reasonably might lead to information relevant to the merits of the matter, consequences of the criminal proceedings, and potential dispositions and penalties." ABA Defense Function Standard 4-4.1(c); *Strickland*, 466 U.S. at 688 (noting that prevailing norms as reflected in ABA standards are guides for determining what is reasonable).

Effective assistance takes many forms. Consulting and working with expert witnesses is often a part of effectively representing the accused. *Lindstadt v. Keane*, 239 F.3d 191, 202 (2d Cir. 2001). Similarly, effective counsel maintains various privileges and confidences. Attorney-client privilege encourages full and frank communication between attorney and client, which enables the attorney to provide sound legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Work product privilege also enables effective representation: "Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).

In addition to the right to counsel, the accused has a due-process right to present a defense. U.S. const. amend. V; *Washington v. Texas*, 388 U.S. 14, 19 (1967). While subject to established rules and procedure, that right includes presenting the defense's own version of facts to the jury

and calling (or compelling) the attendance of witnesses. *Texas*, 388 U.S. at 19; *United States v. Mi Sun Cho*, 713 F.3d 716, 721 (2d Cir. 2013).

Under Fed. R. Crim. P. 16(d)(1), upon a showing of good cause, a party may seek "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The portion of Rule 16 authorizing a protective order is titled "Regulating Discovery." Fed. R. Crim. P. 16(d).

The party requesting the protective order bears the burden to establish good cause. *United States v. Smith*, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013). Good cause requires a clearly defined, specific, and serious injury. *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). Broad allegations of harm, unsubstantiated by specific examples of reasoning do not establish good cause—it must be a particularized and specific showing. *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012). That said, in cases of "unusual scope and complexity . . . broad protection during the pretrial stages of litigation may be warranted without a highly particularized finding of good cause." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d at 222.[2]

"[B]ecause the government is the party seeking to restrict the defense's access to the materials in question, the government bears the burden of showing good cause *to support the level of protection it proposes*." *United States v. Jackson*, 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022) (emphasis added). Thus, "[t]he nature of the showing of particularity . . . depends upon the nature or type of protective order at issue. *Bulger*, 283 F.R.D. at 52.

---

[2] From the publicly available Notice of Motion, Proposed Protective Order, and Affidavit in Support of the *ex-parte* pleading, it does not appear to counsel that the government has advanced this argument. The government, however, has cited this case's scale and complexity when discussing discovery. To the extent the government has argued this point, counsel dispute it, and it further demonstrates why counsel needs access to the government's *ex-parte* affidavit.

Generally, *ex-parte* proceedings are disfavored. Fed. R. Crim. P. 16 Advisory Committee Notes, 1975 Enactment (B). And the public has a qualified right to access judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Counsel needs access to the government's affidavit supporting their protective order for several reasons. First, the government's proposed protective order implicates Mr. Gogolack's constitutional right to effective assistance of counsel and his right to present a defense. Under the government's proposed protective order, "no member or associate of the Outlaws Motorcycle Club, Rare Breed Motorcycle Club, Chosen Few Motorcycle Club, Kingsmen Motorcycle Club, Nomad Motorcycle Club, or any support club of the Outlaws Motorcycle Club may serve as a defendant or counsel's agent." Dkt. 129-1 at 3. Mr. Gogolack would not be able to retain an investigator or expert witness who was an associate of one of these clubs, even if he reasonably believed that witness or investigator action could lead to exonerating information. That violates Mr. Gogolack's right to effective assistance of counsel and right to present a defense. U.S. Const.. V, VI.

The protective order would also require defense counsel to provide the government with information about how they are preparing and investigating the case—information that would otherwise remain confidential. Specifically, it requires defense to counsel to provide the government with a document "listing the name of each person on the defense team who has been permitted to review the material." Dkt.129-1 at 6. That information will give the government insight into the type of witnesses defense counsel may call, is working with, or has determined would not be appropriate to work with.

The nature of the particularized good cause—as laid out in the *ex-parte* affidavit— determines the protective order's scope. *Bulger*, 283 F.R.D. at 52. The government cannot argue

that particularized good cause exists to restrict Mr. Gogolack's constitutional rights and then refuse to show him the good cause allegedly justifying those restrictions.

Second, the scope of the government's proposed protective order requires that the Court be able to hear from defense on good cause. Defense counsel acknowledges that particularized good cause exists for subsets of discovery and has proposed a protective order that reflects that. But the government claims that good cause exists for a blanket protective order. If a protective order seeks to cover every single piece of discovery, it greatly impacts defense counsel, and defense counsel should be able to fully address alleged good cause justifying that protective order.

Third, the government has not established good cause to file the protective order *ex parte*. Again, good cause must be particularized to the protective order. The government has not requested a normal protective order; they have requested one that limits defense counsel's ability to work with certain people—regardless of whether they view or access discovery—and requires defense counsel to affirmatively disclose with whom they share discovery. Common justifications about witness safety and ongoing justification do less to establish good cause here because the government has proposed an uncommon protection order.

Counsel for Mr. Gogolack has attached a proposed protective order we believe adequately addresses the government's concerns (as expressed to the proposed protective order and the Government's notice of motion). The government's proposed protective order is also attached to this memorandum as Exhibit A and the Defense's as Exhibit B. The differences are broken out and bolded below.

**Introduction**

| Defense Proposed | Government |
|---|---|
| As part of discovery in this action, the government indicated that it will provide to counsel for the defendants pre-trial discovery material, including but not limited to: HSI and FBI case materials, investigative materials, materials relating to the execution of various search warrants, video footage, recorded jail calls, laboratory reports, extraction data for various electronic devices that were seized, and other items of evidence, all of which were provided on portable hard drives. **The government has requested a protective order limiting the dissemination of certain material listed in Addendum A** and potentially subsequent addendum(s)[1] on the grounds that information contained therein could jeopardize the safety of individuals if it becomes publicly known, could co | As part of discovery in this action, the government has provided to counsel for the defendants pre-trial discovery material, including but not limited to: HSI and FBI case materials, investigative materials, materials relating to the execution of various search warrants, video footage, recorded jail calls, laboratory reports, extraction data for various electronic devices that were seized, and other items of evidence, all of which were provided on portable hard drives.  The government has requested a protective order limiting the dissemination of this material on the grounds that information contained therein could jeopardize the safety of individuals if it becomes publicly known, could compromise ongoing investigations, and could violate the dignity of a decedent, Crystal Quinn. |

This case's particular circumstances do not justify a blanket protection order. An addendum allows the government to identify which materials invoke the justifications, and defense counsel can act accordingly. The addendum could be amended based on subsequent disclosures or developments in the case. Using an addendum instead of a blanket protective order ensures the protective order is tailored to this case's particular circumstances.

**Paragraph 1**

| Defense | Government |
|---|---|
| ORDERED, that the material set forth above shall be used by counsel for the defendants, the defendants, and other attorneys, interns, clerks, licensed investigators, and/or expert witnesses, solely in connection with pretrial, trial or other proceedings in this action, including any appeals; and it is further | ORDERED, that the material set forth above shall be used by counsel for the defendants, the defendants, and other attorneys, interns, clerks, licensed investigators, and/or expert witnesses, solely in connection with pretrial, trial or other proceedings in this action, including any appeals; and it is further |

Defense counsel does not object to this paragraph.

**Paragraph 2**

| Defense | Government |
|---|---|
| ORDERED, that the material set forth above shall not be disclosed to either third parties[2] or | ORDERED, that the material set forth above shall not be disclosed to either third parties or |

| | |
|---|---|
| the public by the defendants, counsel, or any agent of counsel or the defendants, or **the government or any agent of the government (with respect to public disclosure)**, except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action<br><br>**Footnote 2: Reference to "third parties" in this Order does not include any potential witness that the defendants, counsel, or any agent of counsel or the defendants seeks to interview in connection with pretrial proceedings, trial preparation or other proceedings in this action or the government's.** | the public by the defendants, counsel, or any agent of counsel or the defendants or the defendant except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action |

Defense counsel proposes two changes to this paragraph. First, the government should be bound by its terms as well. The investigation's integrity will be threatened regardless of the source of the disclosure. Defense counsel defined "third parties" to exclude witnesses or potential witnesses. Such a definition ensures that this paragraph does not encroach on necessary trial or witness preparation with witnesses who may need to review statements they previously made or other evidence relevant to their testimony.

**Paragraph 3**

| Defense | Government |
|---------|-----------|
| Omitted | ORDERED that no member or associate of the Outlaws Motorcycle Club, Rare Breed Motorcycle Club, Chosen Few Motorcycle Club, Kingsmen Motorcycle Club, Nomad Motorcycle Club, or any support club of the Outlaws Motorcycle Club may serve as a defendant or counsel's agent; and it is further |

Preliminary, Fed. R. Crim. P. 16(d) does not authorize this term. Protective orders are for the purpose of "[r]egulating [d]iscovery," as evidence by the heading that appears under Fed. R. Crim. P. 16(d). But the government's proposed paragraph does not regulate discovery; it regulates who defense counsel and the defendant may use as an agent.

Fed. R. Crim. P. 16(d)(1)'s plain language also does not authorize regulating who defense counsel may work with. Protective orders may only "deny, restrict, or defer" discovery. The "grant other appropriate relief" phrase should not be read to give the Court blanket to regulate issues outside of discovery. "[W]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 114–15 (2001) (internal quotation and citations omitted). "Other appropriate relief" refers only to other ways in which the Court may regulate a party's access to discovery.

This paragraph also restricts Mr. Gogolack's rights to present a defense and effective assistance of counsel. U.S. Const. amends. V, VI. Under the government's proposed language, defense counsel would not be allowed to work with certain types of expert witnesses or investigators—namely those that the government believes associate with certain motorcycle groups. Mr. Gogolack may need to retain an investigator who has associated with a relevant motorcycle clubs, as witnesses may be more likely to speak with them or they may have insight on where to search for exonerating evidence. Or Mr. Gogolack may want to work with an expert witness who has associated with the relevant motorcycle clubs because they have insight into how an alleged motorcycle club may function.

The paragraph is also unmoored from any concerns about discovery, as it applies regardless of whether defense counsel shares discovery.  Instead, it limits how Mr. Gogolack may defend his case. These limitations violate Mr. Gogolack's constitutional right to present a defense—by limiting what witnesses he may call—and constitutional right to investigate the case—by limiting what type of investigator he may work with.

The paragraph also puts the government and defense on unequal playing ground. The government is free to use associates/members of the various bike clubs to incriminate Mr. Gogolack. But Mr. Gogolack would not be able to do the same to exonerate himself.

The government's proposal here also contains undefined and ambiguous terms. Counsel does not know which clubs supports the Outlaw Motorcycle Club (and fears that attempting to find out may run afoul of this very protective order). Nor does counsel know the members/associates of these motorcycle clubs.

**Paragraph 4**

| Defense | Government |
| --- | --- |
| Omitted | ORDERED, that copies of any laboratory reports regarding <u>any</u> victim shall not be provided to the defendants, however, counsel for the defendants may review those materials with the defendants during in-person meetings; and it is further |

The government has not provided any particularized good cause to bar providing the accused with a lab report. Lab reports, such as the reports allegedly establishing Ms. Quinn's fentanyl levels, may be among this case's most important evidence. It is important that the defendants be able to receive a copy of the report.

The government's justifications for this paragraph also fall flat because the government has repeated the results of various lab reports (such as Ms. Quinn's fentanyl's levels) in court proceedings, and the media has reported according. *See* https://buffalonews.com/news/local/crime-courts/pharaohs-witness-overdosed-on-enough-fentanyl-to-kill-hundreds/article_df93a876-7a8a-11ee-b4be-cb80c38d77b0.html. Other Lab reports are already a part of the Court's docket and the government has reproduced portions of them in their own pleadings. *See* Dkt. 55-1; Dkt. 56 at 15-16.

To the extent the Court considers this applying this paragraph, specific lab reports should be included in Addendum A. That ensures the paragraph is particularized to the good cause show.

**Paragraph 5**

| Defense | Government |
|---|---|
| ORDERED, that the unauthorized copying, dissemination, and/or posting of copies, or the contents, of the above material **not otherwise publicly available on the internet**[3] or through any form of social media, or through any other means, shall constitute a violation of the terms of this order;<br><br>**Footnote 3: This provision does not bar the use of video-conferencing software to view materials covered by this Order between parties otherwise authorized to view them.** | ORDERED, that the unauthorized copying, dissemination, and/or posting of copies, or the contents, of the above material on the internet or through any form of social media, or through any other means, shall constitute a violation of the terms of this order; |

The parties largely agree on this paragraph. The Court should limit the paragraph's scope to material "not otherwise publicly available on the internet" because material likely covered by the protective order is already part of the Court's public docket. *See* Dkt. 55-1; Dkt. 56 at 15-16. Defendants should not be limited in their ability to access and use those judicial documents.

The government has indicated it does not object to this footnote.

**Paragraph 6**

| Defense | Government |
|---|---|
| ORDERED, that no defendant, attorney, or agent thereof, **or the government or any agent of the government (with respect to supplying the public)**, shall supply any **third parties** or the public with any written summaries **not otherwise publicly available** pertaining to the above-referenced material; and it is further | ORDERED, that no defendant, attorney, or agent thereof shall supply any third parties or the public with any written summaries pertaining to the above-referenced material; and it is further |

These differences are addressed in other paragraphs. The government should not be able to publicly disclose material, as that equally threatens the good cause they argue require the protective order. This paragraph also incorporates the "third party" definition from paragraph 2 and the "otherwise publicly available" language from paragraph 5.

**Paragraph 7**

| Defense | Government |
|---|---|
| ORDERED, that nothing in this order shall preclude counsel for the defendants or the defendants, **or the government or any agent of the government**, from disclosing the | ORDERED, that nothing in this order shall preclude counsel for the defendants or the defendants from disclosing the material during the course of the litigation of this |

| | |
|---|---|
| material during the course of the litigation of this action in pretrial proceedings, in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public filings[4]<br><br><br>**Footnote 4: Consistent with the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files, "identifying information" includes dates of birth, home addresses, names of minor children, financial account numbers, Social Security numbers.** | action in pretrial proceedings, in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public filings |

The parties largely agree on this paragraph.  It makes sense that the government abide by this term as well. To ensure there are no disputes about what constitutes "identifying information," the defense has defined the term. If the Court or government wish to include other types of information in that definition, the definition could be modified.

**Paragraph 8**

| Defense | Government |
|---|---|
| ORDERED, that any unredacted filings shall not be disclosed to either third parties or the public by the defendants, counsel, or any agent of counsel or the defendants, **or the government or any agent of the government (with respect to public disclosure)**, except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action | ORDERED, that any unredacted filings shall not be disclosed to either third parties or the public by the defendants, counsel, or any agent of counsel or the defendants except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action; and it is further |

The parties largely agree. If the defense cannot publicly provide unredacted copies to the public, the government should not be able to either.

**Paragraph 9**

| Defense | Government |
|---|---|
| ORDERED, that in the event a defendant moves to suppress evidence obtained as a result of the search warrant, counsel may refer to the search warrant application and affidavit filed under seal as necessary to the resolution of the motion, but shall not attach copies of | ORDERED, that in the event a defendant moves to suppress evidence obtained as a result of the search warrant, counsel may refer to the search warrant application and affidavit filed under seal as necessary to the resolution of the motion, but shall not attach copies of |

| any search warrant applications or affidavits to any publicly filed pleading and shall not disclose the names of any **unindicted co-conspirators** or **identified confidential sources by name** in any publicly-filed document | any search warrant applications or affidavits to any publicly filed pleading and shall not disclose the names of any uncharged individuals, confidential sources, or suspected confidential sources by name in any publicly-filed document |
|---|---|

The parties largely agree on this paragraph. Defense counsel proposed changing "uncharged individuals" to "unindicted co-conspirators" because it is a more precise term. "Uncharged individuals" refers to anyone not charged by the indictment.

Similarly, the term "suspected confidential informant" is open to competing interpretations, and defense counsel has omitted it from the proposed paragraph. To the extent the government would like someone's name redacted and they do not believe they fall into one of those groups, if the government provides defense counsel with those names, defense counsel will redact them consistent with this paragraph. That process ensures the government's concerns are addressed while eliminating potential disputes about who is "suspected confidential source[]."

**Paragraph 10**

| Defense | Government |
|---|---|
| ORDERED, that counsel for the defendants or the defendants, or the **government or any agent of the government**, may apply to the | ORDERED, that counsel for the defendants or the defendants may apply to the Court for an |

| | |
|---|---|
| Court for an order specifically permitting public **disclosure of the material listed in the incorporated addendum(s) beyond acts authorized by this order**, and **no presumption against modification shall apply** | order specifically permitting public disclosure of the above-mentioned material |

Counsel modified this paragraph so that the government may also seek modification of the protective order. Given counsel's request for an addendum addressing the protective order's scope, counsel added language to ensure that addendum could be modified quickly and easily.

**Paragraph 11**

| Defense | Government |
|---|---|
| ORDERED, **that in the event the parties agree, this order may be supplemented by subsequent addendum(s) identifying additional items of discovery to be turned over by the government to the defendants; and that upon written agreement by and between the parties which shall reference this order, any such supplemental discovery material shall be subject to the** | ORDERED, that any continuing discovery provided pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure shall be governed by the terms of this Order; |

| same terms listed herein without further order of the Court | |
|---|---|

Counsel agrees that future discovery should utilize this protective order, but given that defense counsel has proposed using an addendum to identify the protective order's scope, defense counsel has proposed a procedure in which new discovery is added to that addendum, as opposed to automatically falling under the protective order.

**Paragraph 12**

| Defense | Government |
|---|---|
| ORDERED, that at the conclusion of the litigation of this action, including any direct appeal **or collateral challenges**, counsel for the defendant and the defendant shall return all copies of the above- mentioned material to the government immediately upon request of the government, or certify to the government that such material has been destroyed. | ORDERED, that at the conclusion of the litigation of this action, including any direct appeal, counsel for the defendant and the defendant shall return all copies of the above-mentioned material to the government immediately upon request of the government, or certify to the government that such material has been destroyed |

Defense modified this paragraph so that defense counsel could maintain possession of the discovery through relevant post-conviction proceedings.

**Paragraph 13**

| Defense | Government |
|---------|-----------|
| Omitted | ORDERED, that a defendant, counsel, and agent thereof shall neither contact nor cause the contact of a witness or suspected witness represented by counsel but, rather, shall communicate with any represented witness or suspected witness through that individual's counsel |

This paragraph does not regulate discovery. It is beyond the scope of what a Rule 16 protective order may order, and no particularized good cause exists for the Court to affirmatively order this. Defense counsel abides by the relevant ethical rules, regardless of whether they are included in a protective order. To the extent the Court grants this paragraph, it should explicitly apply to the government as well.

**Paragraph 13**

| Defense | Government |
|---------|-----------|
| Omitted | ORDERED, that a defendant, counsel, and agent thereof shall neither contact nor cause the contact of a co-defendant represented by counsel but, rather, shall communicate with |

| | any represented defendant through that individual's counsel |
|---|---|

This paragraph does not regulate discovery. It is beyond the scope of what a Rule 16 protective order may order, and no particularized good cause exists for the Court to affirmatively order this. Defense counsel abides by the relevant ethical rules, regardless of whether they are included in a protective order. To the extent the Court grants this paragraph, it should explicitly apply to the government as well.

**Paragraph 14**

| Defense | Government |
|---|---|
| Omitted | ORDERED, that all counsel adequately supervise any lawyers, agents, and/or staff members consistent with Rules 5.1, 5.2, and 5.3 of the New York Rules of Professional Conduct; and it is further |

This paragraph does not regulate discovery. It is beyond the scope of what a Rule 16 protective order may order, and no particularized good cause exists for the Court to affirmatively order this. Defense counsel abides by the relevant ethical rules, regardless of whether they are included in a protective order. To the extent the Court grants this paragraph, it should explicitly apply to the government as well.

**Paragraph 15**

| Defense | Government |
|---|---|
| Omitted | ORDERED, that counsel for the defendants and any agent thereof shall comply with Rule 1.6 of the New York Rules of Professional Conduct and, specifically, shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure or use of, unauthorized access to, information protected by Rules 1.6, 1.9(c), or 1.18. |

This paragraph does not regulate discovery. It is beyond the scope of what a Rule 16 protective order may order, and no particularized good cause exists for the Court to affirmatively order this. Defense counsel abides by the relevant ethical rules, regardless of whether they are included in a protective order. To the extent the Court grants this paragraph, it should explicitly apply to the government as well.

**Paragraph 16**

| Defense | Government |
|---|---|
| Omitted | ORDERED, that counsel for the defendants shall ensure compliance with this Order by each member of the defense team, and provide a certification to the U.S. Attorney's |

| | Office listing the name of each person on the defense team who has been permitted to review the materials. |
|---|---|

This paragraph violates Mr. Gogolack's constitutional right to effective assistance of counsel. U.S. Const. amend. VI. It would force defense counsel to disclose information that could undermine Mr. Gogolack's defense by giving the government insight into defense strategy.

Those that defense counsel shares discovery with reflects defense counsel's strategic judgment about the case. Counsel's interpretation of discovery, prior investigation, and conversations with their client inform those decisions. For instance, defense counsel may consult with their client and learn a certain type of expert may be useful corroborating the client's testimony, and then reach out and share discovery with that expert. Or defense counsel may review discovery and notice an important discrepancy in a witness statement and then interview that witness, show them their statement, and learn about that discrepancy.

Under this paragraph, the government will receive updates that will allow them to gleam how defense counsel is investigating the case, what defense counsel believes are the weak points, where defense counsel is focusing their efforts, and what their client may have told them. This is information that defense counsel, consistent with their ethical obligation to zealously represent their client, would keep private (unless a waiver was executed, an exception applied, or a rule/order required disclosure).

This paragraph also chills defense investigation. Notwithstanding any potential justifications for this paragraph, the government gains a strategic advantage by learning who

defense counsel shares discovery with. They will gain knowledge of defense counsel's investigatory actions and could respond accordingly. For instance, defense counsel may seek to work with a category of expert the government had not previously considered relevant to the case. The government could then use that knowledge to work with their own expert on that topic or shore up a previously unknown weak spot. Or the government will learn that defense counsel consulted with an expert witness and, upon not receiving a required expert disclosure, deduce that the expert had an opinion that defense did not believe exonerating or helpful to the defense.

In either case, this paragraph forces defense counsel to weigh the benefits of acting against costs of the government learning about those actions and responding accordingly. That will result in defense counsel foregoing investigation that they would otherwise pursue.

**DATED**:          Buffalo, New York, June 20, 2024

Respectfully submitted,

**/s/ John Morrissey**
John Morrissey
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
john.morrissey@fd.org
Counsel for Defendant Simon Gogolack

**/s/ Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
jeffrey_bagley@fd.org

Counsel for Defendant Simon Gogolack

**TO:** Nicholas Cooper, Joseph Tripi, Casey Chalbeck, *et al.*
Assistant United States Attorneys