# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.               23-CR-99

SIMON GOGOLACK, ET AL.,

       Defendants.

_____

## **PROTECTIVE ORDER**

As part of discovery in this action, the government indicated that it will provide to counsel for the defendants pre-trial discovery material, including but not limited to: HSI and FBI case materials, investigative materials, materials relating to the execution of various search warrants, video footage, recorded jail calls, laboratory reports, extraction data for various electronic devices that were seized, and other items of evidence, all of which were provided on portable hard drives.  The government has requested a protective order limiting the dissemination of certain material listed in Addendum A and potentially subsequent addendum(s)[1] on the grounds that information contained therein could jeopardize the safety of individuals if it becomes publicly known, could compromise ongoing investigations, and could violate the dignity of a decedent, Crystal Quinn.

   **NOW**, upon agreement of the parties, it is hereby

_____

[1] This order incorporates Addendum A, but it may be amended to incorporate subsequent addendums under circumstances addressed in this order.

**ORDERED**, that the material set forth above shall be used by counsel for the defendants, the defendants, and other attorneys, interns, clerks, licensed investigators, and/or expert witnesses, solely in connection with pretrial, trial or other proceedings in this action, including any appeals; and it is further

**ORDERED**, that the material set forth above shall not be disclosed to either third parties[2] or the public by the defendants, counsel, or any agent of counsel or the defendants, or the government or any agent of the government, except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action; and it is further

**ORDERED**, that the unauthorized copying, dissemination, and/or posting of copies, or the contents, of the above material not otherwise publicly available on the internet[3] or through any form of social media, or through any other means, shall constitute a violation of the terms of this order; and it is further

**ORDERED**, that no defendant, attorney, or agent thereof, or the government or any agent of the government, shall supply any third parties or the public with any written summaries not otherwise publicly available pertaining to the above-referenced material; and it is further

**ORDERED**, that nothing in this order shall preclude counsel for the defendants or the

---

[2] Reference to "third parties" in this Order does not include any potential witness that the defendants, counsel, or any agent of counsel or the defendants seeks to interview in connection with pretrial proceedings, trial preparation or other proceedings in this action.

[3] This provision does not bar the use of video-conferencing software to view materials covered by this Order between parties otherwise authorized to view them.

defendants, or the government or any agent of the government, from disclosing the material during the course of the litigation of this action in pretrial proceedings, in memoranda filed, at trial or in post-trial proceedings, except that any identifying information should be redacted from any public filings[4]; and it is further

**ORDERED**, that any unredacted filings shall not be disclosed to either third parties or the public by the defendants, counsel, or any agent of counsel or the defendants, or the government or any agent of the government, except as necessary in connection with pretrial proceedings, trial preparation or other proceedings in this action; and it is further

**ORDERED**, that in the event a defendant moves to suppress evidence obtained as a result of the search warrant, counsel may refer to the search warrant application and affidavit filed under seal as necessary to the resolution of the motion, but shall not attach copies of any search warrant applications or affidavits to any publicly filed pleading and shall not disclose the names of any unindicted co-conspirators or identified confidential sources by name in any publicly-filed document; and it is further

**ORDERED**, that counsel for the defendants or the defendants, or the government or any agent of the government, may apply to the Court for an order specifically permitting public disclosure of the material listed in the incorporated addendum(s) beyond acts authorized by this order, and no presumption against modification shall apply; and it is further;

---

[4] Consistent with the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files, "identifying information" includes dates of birth, home addresses, names of minor children, financial account numbers, Social Security numbers.

**ORDERED,** that in the event the parties agree, this order may be supplemented by subsequent addendum(s) identifying additional items of discovery to be turned over by the government to the defendants; and that upon written agreement by and between the parties which shall reference this order, any such supplemental discovery material shall be subject to the same terms listed herein without further order of the Court; and it is further

**ORDERED**, that at the conclusion of the litigation of this action, including any direct appeal or collateral challenges, counsel for the defendant and the defendant shall return all copies of the above- mentioned material to the government immediately upon request of the government, or certify to the government that such material has been destroyed.

DATED:  Buffalo, New York, June _____, 2024.


_____
HON. JEREMIAH J. MCCARTHY
United States Magistrate Court Judge