IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                        23-CR-99-LJV

SIMON GOGOLACK, et al.,

            Defendants.
_____

## RESPONSE IN OPPOSITION TO DEFENDANT GOGOLACK'S MOTION FOR ADJOURNMENT OF ORAL ARGUMENT DATE

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby submits the following response to defendant Simon Gogolack's motion for adjournment of oral argument date. *See* ECF No. 154, (dated June 28, 2024).

### I.    RESPONSE

Defendant Simon Gogolack asks this Court to adjourn the oral argument regarding the government's pending motion for a protective order. *See* Mot. to Adjourn, at 2. That oral argument is scheduled for July 11, 2024; Mr. Gogolack requests that it be moved to the week of July 22nd, and notes that none of his co-defendants object to his requested adjournment.[1] *See id.* at 2 ¶ 3.

---

[1] Mr. Gogolack further states that the government opposes the adjournment. *See* Mot. to Adjourn, at 2 ¶ 7. Though this is correct, the government notes that Mr. Gogolack never mentioned that his co-defendants agreed to adjourn the proceedings. In the future—and to the extent the defendants are not, in reality, asserting their speedy trial rights—the

The defendants in this case have objected to the exclusion of time on the Speedy Trial Act clock, either from May 23, 2024, through June 5, 2024 (13 days), or June 5, 2024, through June 27, 2024 (22 days). *See, e.g.*, Def. Gerace's Mem. in Opp. to Govt. Mot. to Exclude Time from the Speedy Trial Act, ECF No. 148, (dated June 20, 2024). In addition to objecting to the exclusion of time, they have asked this Court to sanction the government for its delay in producing discovery. *See generally id.* Nevertheless, though Mr. Gogolack is represented by two assistant Federal Public Defenders, all the defendant's have consented to a potentially 15-day adjournment of the oral argument because one of Mr. Gogolack's attorneys is unavailable.

Considering the defendants' implicit demands for a speedy trial, the government has no choice but to object to Mr. Gogolack's request. *Cf., e.g.*, *United States v. Tigano*, 880 F.3d 602, 616 (2d Cir. 2018) ("Despite Tigano's repeated demands for a speedy trial, his attorney requested multiple extensions and failed to urge the district court to set a trial date."). In doing so, the government emphasizes that it is not trying to be antagonistic or discourteous to Mr. Gogolack's counsel; it simply cannot agree to delay the resolution of the protective order litigation that Mr. Gogolack, himself, frames as "implicat[ing] [his] constitutional right to effective assistance of counsel and his right to present a defense." Resp. to Mot. for *Ex Parte* Mot. for a Protective Order, at 4, ECF No. 146, (dated June 20, 2024). Accordingly, the government asks that the Court maintain the July 11th oral argument date.

---

government would be able to offer a more informed position on future adjournment requests if the requesting party supplies it with all the relevant information, including whether any co-defendant objects to the request.

## II. CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court deny Mr. Gogolack's Motion for Adjournment of Oral Argument Date (ECF No. 154).

DATED: Buffalo, New York, July 1, 2024.

                        TRINI E. ROSS
                        United States Attorney

BY:   s/JOSEPH M. TRIPI
        s/ NICHOLAS T. COOPER
        s/CASEY L. CHALBECK
        Assistant United States Attorney
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5839
        Joseph.Tripi@usdoj.gov