IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                                                                                   **23-CR-99-LJV**

SIMON GOGOLACK, et al,

        Defendants.
_____

## MEMORANDUM IN OPPOSITION TO AMENDED
## MOTION FOR PROTECTIVE ORDER

Each side has proposed a protective order to govern the production and handling of the discovery in this matter. Dkts. 120-1; 156 at 31-36. It is the government's burden to establish particularized good cause for any additional restrictions. *United States v. Jackson*, 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022). The government's affidavit does not justify those restrictions.[1]

The first dispute is the protective order's scope—the government seeks a blanket protective order, while the defense has proposed that the order apply to identified documents, which would be listed in an addendum. The government does not address or present any argument in favor of a blanket protective order. Thus, it cannot meet its burden for a blanket protective order. *Jackson*, 2022 WL 582700, at *2.

---

[1] Mr. Gogolack stands by the arguments, and proposed protective order, previously submitted. Dkt. 146. Mr. Gogolack also adopts the arguments offered in Mr. Gerace's response (Dkt. 153) and herein offers addition argument against the government protective order based on the government's superseding motions for a protective order with accompanying affidavit. *See* Dkts. 152, 156.

Regarding paragraph 2 (as labeled in Dkt. 146), defense counsel must be able to show potential witnesses their statements or other relevant information, as may be required to effectively interview or prepare a witness. This is not an attempt to create a loophole that will allow the defense to show the discovery to anyone.  *See* Dkt. 156 at ¶ 27. It is, instead, a narrow exception simply allowing defense counsel to effectively represent their client. No good cause exists restricting this basic right.

The government also does not establish good cause for paragraph 3, which seeks to limit whom defense counsel may use an agent. The government never explains how Fed. R. Crim. P. 16 grants the Court the authority to limit who defense counsel may retain "as a paralegal, legal assistant, private investigator, or other agent." Dkt. 156 at ¶ 29.

And even the law allowed such a term, this case's facts would not warrant it. Preliminarily, the government redacted the facts underlying their belief that "some of the defendants will" hire a member of a relevant motorcycle club "as an agent of the defense team to circumvent provisions of the protective order." Dkt. 156 at 29. Defense counsel needs to be able to read that paragraph to fully reply. Because paragraph 3 is one of the most contested paragraphs, the Court should order the government to un-redact that paragraph. *See* Dkt, 152 (noting that defendants reserve the right to challenge redactions).

Still, the Court should omit that paragraph because no good cause exists to believe that counsel would retain someone to evade a protective order. Defense counsel retains experts and investigators based on whether they can help their client, not whether they provide a workaround to a prospective protective order. The same holds true when our office hires a paralegal or legal assistant.  Beyond the constitutional concerns previously mentioned, paragraph 3 shoehorns the Court and government into defense counsel's office personnel decisions.

Regarding paragraph 4, the government never explained why laboratory reports need to be singled out as a piece of evidence that defense counsel cannot provide their client. They have not met their burden for that paragraph.

Paragraphs 14 and 15 illustrate the government's tendency to use a narrow concern to request a broad restriction. For instance, the government worries that defense counsel's support staff will not be fully apprised of the protective order and may disseminate materials inconsistently with this order. Dkt. 156 at ¶ 42. Rather than propose a paragraph that requires defense counsel to inform support staff and others handling discovery to be aware of the order—a relatively non-controversial term—the government asks to incorporate multiple rules of professional conduct that govern how lawyers supervise each other and their staff. Those rules govern scenarios well beyond the government's concern. Any number of intra-office communications fall under these rules (and thus, the protective order), not just communications about whether defense counsel adequately advised support staff about the protective order.

The government's request to incorporate New York Rule of Professional Conduct 1.6 seems to stem from an April 2024 Facebook comment from the Niagara County Mugshots Facebook group. Dkt. 156 at ¶ 43. In that comment, a person says that they lived with an attorney for someone on the case and learned "confidential information." *Id*. Although omitted from the government's screen shot, earlier in the comment thread, that same person also claimed to know people directly involved in the case: "That girl overdosed, I know the dude she was with."



That the government's investigation relies on a third-party comment from a Facebook group dedicated to reposting mugshots should be concerning from the start. It is hard to think of something further from good cause. But if that alone were not enough:

First, the government cannot even say for certain whether this information was already in the public domain – only that "upon information and belief" it has not "proffered publicly" this information.

Second, defense counsel was never approached by the government or asked whether counsel knew a "Sean Conley." Apparently, no further investigation occurred, at least none that the government has informed this Court about.

Third, the government ignored contradictory information within the very post it relies on, which should have at the very least called the veracity of the claim into doubt. Going a step

4

further, it then neglected to disclose that contradictory information to the Court; it was only uncovered based on defense investigation. Instead, the government took a lone, unsupported and contradicted comment on a random Facebook page as evidence enough to accuse defense counsel of violating a court order. This absurd and reckless accusation – in keeping with the government's predilection to attack defense counsel in this case – warrants no further consideration from this Court.

**DATED**:   Buffalo, New York, July 12, 2024

Respectfully submitted,

**/s/ Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
jeffrey_bagley@fd.org

**/s/ John Morrissey**
John Morrissey
Assistant Federal Public Defender
john_morrissey@fd.org

Counsel for Defendant Simon Gogolack
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)

**TO:**   Nicholas Cooper, Joseph Tripi, Casey Chalbeck, *et al.*
Assistant United States Attorneys