IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.	23-CR-99-LJV

SIMON GOGOLACK, et al,	**RESPONSE TO GOVERNEMNT'S LETTER REGARDING SANCTIONS**

        Defendants.

_____

    The government now concedes, over one year after charging Simon Gogolack with a placeholder complaint, that five-months of speedy trial time should count against it in a future hypothetical constitutional Speedy Trial claim. Essentially, the government concedes that these five-months of delay are attributable to it under the "length-of-delay" *Barker* factor.

    Whether it is this court or an appellate court, or both, whichever body decides this future hypothetical motion, should one be filed, will have to decide whether certain periods of delay were neutral, or attributable to one side or the other. That is an analysis that will invariably consider the government's actions in withholding discovery, violating a court order, and insisting on an untenable protective order. So considered, there is little room to doubt that this hypothetical court deciding this hypothetical motion will decide that the time should be attributable to the government. The government's proposal takes a natural consequence of its action and calls it a sanction.

    Judge McCarthy recognized this. It why he did not limit his order to simply charging Speedy Trial time against the government, but added two further sanctions.

\*\*\*

Next, the government again to cites *Bove* for the proposition that it did not act in bad faith. *Bove* is a short opinion about whether a defendant should be awarded attorney's fees from the government under the Hyde Amendment. The *Bove* court there did not set out to define the precise contours of bad faith in all future cases and in all contexts. The *Bove* court, in fact, explicitly said as much, noting that it was merely "sketch[ing] out a provisional construction of the phrase 'vexatious, frivolous, or in bad faith'" and that it "need not parse the precise meaning of the words." 888 F.3d 606, 609, n.11 (2d Cir. 2018). Grasping for a way to argue that Judge McCarthy committed clear error, the government hangs more on this case than it can bear.

It was Judge McCarthy who correctly pointed out that "[b]ad faith is not a concept that lends itself to precise definition." Order, Dkt. No. 200 (citing *In re Syndicom Corp.*, 268 B.R. 26, 49 (Bk. S.D.N.Y. 2001)). In short, this Court cannot rely on *Bove*, or any other case, to find that Judge McCarthy committed clear error. He did not.

It was also Judge McCarthy who witnessed the government's repeated attempts to keep discovery out of the defendant's hands, and he whose orders the government treated as suggestions. *See* Dkt. No. 80 ("My February 15 Text Order 61 granted Gogolack's motion to reopen the detention hearing and directed the government to "produce to defendant all evidence that it intends to rely upon at the detention hearing". That Text Order was not appealed. Having reviewed the parties' submissions [77, 78], **I question whether the government has complied with my Text Order**, since any proffer necessarily relies on underlying evidence.") (emphasis added).

2

Judge McCarthy had had enough. And he found that the government was not forthright in its interaction with the Court. This finding is due deference under the standard applicable to the government's motion.

Finally, the apologetic stance that government now takes – post sanctions – was not present in the immediate aftermath of its failures. Rather, at that time, the defense was blamed for its failure to produce a thumb drive in time, and was threatened with a motion to "scrupulously honor" our own client's right to a speedy trial if we deigned to object to speedy trial time exclusions. It expressed none of its current humility in the time before Judge McCarthy imposed the sanctions. To undo that sanction now would be to empower it to further ignore its discovery obligations and orders of the court.[1]

This Court should uphold Judge McCarthy's decision under the clear error standard. In the alternative, it should hold a hearing to address the claims made by the government as to its claimed good faith attempts to comply with Judge McCarthy's orders.

**DATED**:  Buffalo, New York, November 1, 2024

Respectfully submitted,

**/s/ Jeffrey T. Bagley**
Jeffrey T. Bagley
Assistant Federal Public Defender
jeffrey_bagley@fd.org

**/s/ John Morrissey**
John Morrissey
Assistant Federal Public Defender
john_morrissey@fd.org

---

[1] As this Court is aware, issues with timely disclosure and ethical obligations continue to rise in connection with this case and the related case against Mr. Gerace. Just this week, a late disclosure was made about a witness that counsel for the government had previously represented.

                    Counsel for Defendant Simon Gogolack
                    Federal Public Defender's Office
                    300 Pearl Street, Suite 200
                    Buffalo, New York 14202
                    (716) 551-3341, (716) 551-3346 (Fax)

**TO:**    Nicholas Cooper, Joseph Tripi, Casey Chalbeck, *et al*.
          Assistant United States Attorneys