UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

**REDACTED ORDER TO SHOW CAUSE**

v.

Case No. 1:23-cr-99-EAW-JJM

SIMON GOGOLACK, *et al.*

Defendants.

---

Familiarity with the relevant procedural history is presumed. My August 8, 2025 Order directed the government to produce for my *in camera* review "the entire grand jury proceedings, including any statements made to the grand jurors by the government attorneys". [544][1] at 3-4. The government has done so. Having completed my review of those materials, for the following reasons I order the government to show cause on or before September 22, 2025 why an unredacted version of this Order to Show Cause, together with the grand jury materials discussed herein, should not be provided to defendants and publicly disclosed.[2]

**DISCUSSION**

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to CM-ECF pagination.

[2] This issue is nondispositive. Gillispie v. Miami Township, 2019 WL 2603571, *1 (S.D. Ohio 2019), aff'd, 2025 WL 1276900 (6th Cir. 2025); United States v. Sou, 2011 WL 1463798, *3 (D. Haw. 2011)

However, "as the considerations justifying secrecy become less relevant . . . [there is] a lesser burden in showing justification". Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979). None of the traditional reasons for grand jury secrecy[4] will be adversely affected by disclosing the materials discussed herein.

**CONCLUSION**

For the reasons discussed, on or before September 22, 2025 the government shall show cause why the redacted portions of this Order to Show Cause, together with the grand jury materials referred to herein (pages 3, 16-18 and 27 of the August 23, 2023 Grand Jury Transcript and pages 2-50 of the January 5, 2024 Grand Jury Transcript), should not be made public.

**SO ORDERED.**

Dated: September 15, 2025

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[4] "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." John Doe, 481 U.S. at 110, n. 5.