UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

SIMON GOGOLACK, a/k/a Greek,
PETER GERACE, JR.,
JOHN THOMAS ERMIN, a/k/a Tommy O,
MICHAEL RONCONE, a/k/a Cone,
FRANK KNIGHT, and
HOWARD HINKLE, JR., a/k/a Hard How,

        Defendants.
_____

**ORDER**

1:23-CR-00099 EAW

Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure allows for the disclosure of grand jury material "preliminarily to or in connection with a judicial proceeding." The Second Circuit has held that "even where the literal requirements of Rule 6(e) are met, the court which is requested to direct the disclosure must balance the goal of just result in a judicial proceeding against the countervailing policy of grand jury secrecy." *United States v. Sobotka*, 623 F.2d 764, 767 (2d Cir. 1980); *see also United States v. Silver*, 103 F. Supp. 3d 370, 381 (S.D.N.Y. 2015) ("In determining whether disclosure of information regarding the grand jury's proceedings is appropriate, courts weigh the need for disclosure against the public interest in maintaining secrecy over such proceedings."). "In making this difficult determination, a district court has been 'infused with substantial discretion.'" *In the Matter of Federal Grand Jury Proceedings*, 760 F.2d 436, 439 (2d Cir. 1985) (citation omitted).

The Magistrate Judge previously assigned to this case has issued three decisions wherein he raises questions concerning the government's presentation of this case to the grand jury. (Dkt. 605; Dkt. 643; Dkt. 647). In those decisions, the Magistrate Judge quotes from grand jury material. Typically it would be appropriate to litigate whether grand jury material should be disclosed before disclosing it to the defendants. But here, counsel for the defendants must have access to the decisions in order to litigate the issues—particularly where the Magistrate Judge has raised the issues *sua sponte*. Yet, access to the decisions will necessarily result in disclosure of some grand jury material. Utilizing the balancing test addressed above, and considering the limited scope of the disclosure to the defendants against the need for the defendants to have access to the decisions to litigate the issues, the Court will arrange for the production of the decisions to counsel for the defendants. The Court will redact a limited amount of grand jury information from the decisions as those redactions do not change the substance of the decisions and the disclosure is unnecessary for the defendants to adequately understand the decisions and litigate the issues. Defendants' counsel may discuss the decisions with their clients, but pending further order of the Court they shall not allow their clients to retain copies of the redacted decisions produced by the Court or otherwise disclose the redacted decisions to anyone outside the defense team.

In addition, because the decisions are judicial documents, the Court will make publicly available and file on the docket redacted versions of the decisions with all grand jury material redacted.

- 3 -

All parties should come prepared for the status conference on November 13, 2025, to discuss the means by which these issues will be most efficiently and effectively litigated.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      November 7, 2025
            Rochester, New York