UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**DECISION AND ORDER**

v.

Case No. 1:23-cr-99-EAW-JJM

FRANK KNIGHT,

              Defendant.

        My August 27, 2025 Decision and Order (under seal) cited a definition of "materiality" for purposes of 18 U.S.C. §1001(a)(2), and concluded that "[b]ased on the evidence submitted to it . . . the grand jury was not misled by the government, and could reasonably have found probable cause to believe that Knight's initial statement to Special Agent Penna that he did not believe that Hinkle was at the July 27 poker game was intentionally false and 'material' to the investigation, notwithstanding the fact that he corrected that statement several minutes later". Id. at 3-4.

        What I overlooked in issuing that Decision and Order was the fact that ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ - and for the reasons discussed in my September 15, 2025 Order to Show Cause and my October 16, 2025 Decision and Order (both under seal), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. "Under these circumstances . . . I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday." Commonwealth of of Massachusetts v. United States, 333 U.S. 611, 639-40 (1948) (Jackson, J. dissenting).

        "A district court possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final." Esposito v. Suffolk County Community College,

517 F. Supp. 3d 126, 134 (E.D.N.Y. 2021), aff'd, 2023 WL 192671 (2d Cir. 2023). Therefore, with apologies to all concerned, I am reconsidering my earlier view that the grand jury had not been misled, and conclude that the grand jury materials relevant to the §1001(a)(2) charge (including instructions or lack thereof) should be released to defendant Knight. The release of these materials will be stayed pending further Order of the court.

SO ORDERED.

Dated: October 22, 2025

           /s/   Jeremiah J. McCarthy
           JEREMIAH J. MCCARTHY
           United States Magistrate Judge