UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

SIMON GOGOLACK,

          Defendant.

**ORDER**

1:23-CR-00099 EAW

Currently pending before the undersigned are dispositive pretrial motions filed by defendant Simon Gogolack ("Gogolack"), seeking various forms of relief, including dismissal of the second superseding indictment ("SSI") on constitutional speedy trial grounds, suppression of statements and physical evidence, disclosure of grand jury minutes and *Brady* information, severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure, dismissal of Counts 13 through 18 of the SSI as multiplicitous, and dismissal of Count 10 of the SSI for facial insufficiency.  (Dkt. 694; *see also* Dkt. 690).

Gogolack filed the pending motions on December 2, 2025.  The government filed opposition papers on December 23, 2025 (Dkt. 723 (redacted response); Dkt. 724 (sealed unredacted response)), and Gogolack filed reply papers on January 2, 2026 (Dkt. 727 (redacted reply); Dkt. 731 (sealed unredacted reply)).  The Court held oral argument on Gogolack's motions on January 7, 2026, ordered that the parties make supplemental submissions on the speedy trial issue, and directed Gogolack to file any affidavit in support of his motion to suppress statements by January 16, 2026.  (Dkt. 730).

- 1 -

Gogolack filed his affidavit on January 16, 2026 (Dkt. 736), and the government filed a supplemental memorandum in opposition to Gogolack's speedy trial motion on January 21, 2026 (Dkt. 737; *see also* Dkt. 748 (sealed exhibits A and B to the government's supplemental memorandum in opposition to Gogolack's speedy trial motion)).  The Court held a status conference on January 21, 2026, and directed the parties to file supplemental briefing on Gogolack's motion to suppress statements.  (*See* Dkt. 740).

Thereafter, on February 6, 2026, Gogolack filed a supplemental brief in further support of his motion to suppress and for a speedy trial.  (Dkt. 755).  The government filed a response on February 21, 2026.  (Dkt. 767; *see also* Dkt. 771 (sealed Exhibit 3 to the government's response papers)).  The Court held further oral argument on the motion to suppress statements on February 24, 2026 (*see* Dkt. 773), and scheduled a suppression hearing to be held on March 27 and 30, 2026 (Dkt. 774).  Gogolack submitted a supplemental response in further support of his speedy trial motion to dismiss on March 10, 2026 (Dkt. 825; Dkt. 826), and the government filed a further supplemental response on March 24, 2026 (Dkt. 812).

The Court held the suppression hearing on March 27 and 30, 2026, to address Gogolack's argument that the government utilized a two-step interrogation process when questioning Gogolack on August 2, 2023.  (Dkt. 774; *see also* Dkt. 815; Dkt. 819; Dkt. 835 (transcript from March 27, 2026 hearing); Dkt. 844 (transcript from March 30, 2026 hearing)).  The parties filed post-hearing submissions on April 24, 2026.  (*See* Dkt. 885 (government's post-hearing brief); Dkt. 886 (Gogolack's post-hearing brief)).  After

neither party filed responses to the post-hearing briefs by the May 1, 2026 deadline, the Court took Gogolack's motions under advisement on May 1, 2026. (Dkt. 922).

The Court's review of the pending motions is underway, and a decision will be made with reasonable dispatch. However, it now appears that full consideration of Gogolack's motions will take additional time and that "it is . . . open to . . . [the court] to find that the interest of justice is best served by granting a continuance under § 3161(h)(8) [now 18 U.S.C. § 3161(h)(7)] for the excess period." *United States v. Bufalino*, 683 F.2d 639, 645 (2d Cir. 1982).

Based upon the Court's current examination of the issues presented by the motions and further upon the Court's findings that the interests of justice in a continuance override Gogolack's and the public's interests in a more speedy trial, a continuance is granted pursuant to § 3161(h)(7)(A) on Gogolack's dispositive pretrial motions until June 9, 2026, for the purposes of rendering a decision.

This order puts Gogolack "on notice that the speedy trial clock has been stopped," and it ensures that, "[i]f for any reason counsel believes that [an exclusion] is inappropriate, an objection may be raised and a record made" of the objection. *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985); *see also United States v. Kiszewski*, 877 F.2d 210, 215 (2d Cir. 1989) (prosecutors are responsible along with the court in paying attention to *Tunnessen*).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      June 1, 2026
            Rochester, New York