UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SIMON GOGOLACK, a/k/a Greek,
PETER GERACE, JR.,
JOHN THOMAS ERMIN, a/k/a Tommy O,
MICHAEL RONCONE, a/k/a Cone,
FRANK KNIGHT, and
HOWARD HINKLE, JR., a/k/a Hard How,

Defendants.

**ORDER**

1:23-CR-00099 EAW

---

This matter was scheduled for trial to commence on or about June 8, 2026. (Dkt. 749). On June 5, 2026, defendants John Thomas Ermin ("Ermin"), Michael Roncone ("Roncone"), Frank Knight ("Knight"), and Howard Hinkle, Jr. ("Hinkle"), pleaded guilty pursuant to plea agreements entered into with the government. In addition, after those guilty pleas, the government filed a motion to dismiss certain counts of the second superseding indictment as asserted against defendants Peter Gerace, Jr. ("Gerace") and Simon Gogolack ("Gogolack") pursuant to Federal Rule of Criminal Procedure 48(a) (Dkt. 1000; *see* Dkt. 1025). At an appearance on June 11, 2026, the Court granted the motion to dismiss, severed the trials of Gogolack and Gerace, and set their trials down for August 18, 2026, and November 2, 2026, respectively. (*See* Dkt. 1039).

The government's motion to rejoin counts 11 through 18 with counts 4, 6, 7, 8, 9, and 10, for purposes of Gogolack's trial (Dkt. 1000), remains pending and will be addressed in accordance with the schedule set by the Court, after which a written decision

- 1 -

will be issued. (*See* Dkt. 1037; Dkt. 1040). That said, there were various requests by the parties throughout the course of the litigation for severance and the Court previously indicated it intended to issue a written decision explaining its rulings on the severance issues in more detail. (*See*, *e.g.*, Dkt. 911). However, given the procedural posture of the case and the fact that the only two remaining defendants have been severed, the Court clarifies that it will no longer be issuing any such decision and all severance requests (other than the aforementioned motion pertaining to the counts against Gogolack) are moot. This includes Gogolack's motion filed at Docket 694, for which the Court recently reserved decision on the severance request in its Decision and Order filed on June 9, 2026. (Dkt. 1022). In other words, Gogolack's motion for severance from his co-defendants (Dkt. 694) is denied as moot.

Similarly, the Court no longer intends to issue a written decision explaining in further detail its reasoning for denying the motions to adjourn the original trial date and change vicinage (*see* Dkt. 911; *see also* Dkt. 873; Dkt. 876; Dkt. 879; Dkt. 881), because the trial date has now been adjourned and rescheduled to go forward on separate dates as agreed upon by the two remaining defendants in the locations that they prefer (*see* Dkt. 1037).

The Court does still intend to issue a written decision addressing its denial of the motions filed in late April 2026, by the defendants pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* Dkt. 868; Dkt. 870; Dkt. 872; Dkt. 877; Dkt. 889; Dkt. 890; Dkt. 905; Dkt. 906; Dkt. 942).

Additionally, at the appearance on June 11, 2026, the Court reviewed with counsel for the government, Gerace, and Gogolack, the outstanding motions that had been filed by all parties in anticipation of a trial involving six defendants commencing on or about June 8, 2026, including those motions that the government sought to be denied as moot. (*See* Dkt. 1000 at 6-8). Consistent with those discussions, the Court confirms that the motions have been resolved or remain pending as set forth below. For purposes of clarity, those motions that remain pending are highlighted in yellow. If the parties wish to file any supplemental memoranda addressing the pending issues, they should do so in accordance with the deadlines in the amended pretrial orders for filing legal memoranda addressing evidentiary issues.[1]

    I.      <u>Government Motion *in Limine* (Dkt. 894)</u>

        A.      Motion to Admit Intrinsic or 404(b) Evidence

            1.      Evidence showing the defendants' affiliation with the Outlaws and RBMC, and the Outlaws' association with the RBMC

            ***<u>Denied as moot</u>***

            2.      Evidence showing the Outlaws' prior acts with Gerace

            ***<u>Denied as moot</u>***

            3.      Evidence showing the Outlaws' institutional commitment to harming witnesses and monitoring law enforcement investigations into the club

            ***<u>Denied as moot</u>***

---

[1]    Similarly, if upon review of this Order, the parties believe that any motion the Court has designated as pending is, in fact, not contested, they should immediately notify the Court so that judicial resources are not invested in resolving motions that are undisputed.

4.      Evidence showing the RBMC's efforts to monitor law enforcement investigations and its institutional commitment to harming witnesses

*__Denied as moot__*

5.      Evidence of prior acts committed by the RBMC at the behest of the Outlaws

*__Denied as moot__*

6.      Evidence of Gogolack's participation in a conspiracy to distribute fentanyl and Xanax, and offering hitman services

*__Remains pending__*

7.      Evidence of Gogolack's prior bad acts (kidnapping) regarding Jeff Crowner and Charles Buchholz

*__Remains pending__*

8.      Evidence of Gogolack's false impersonation of Scott Drummond

*__Remains pending__*

9.      Evidence that Hinkle distributed marijuana to the RBMC and possessed a firearm with a red flashlight

*__Denied as moot__*

B.      Motion to Admit Out-Of-Court Statements

1.      Evidence of Gerace's admission by silence when his cellmate Kevin Hughes asked if there were rats found outside witnesses' houses and if he arranged for a "hotshot" to be given to Crysal Quinn

*__Denied as moot__*

2.      Text messages from Crystal Quinn to J.R. regarding the July 16th rape

*__Denied as moot__*

3.      Evidence of Crystal Quinn's fear of the Outlaws and Gerace

***Denied as moot***

4.      Text message evidence of the July 28, 2023, biker confrontation

***To the extent not resolved by Decision and Order entered June 2, 2026 (see Dkt. 990), denied as moot***

5.      RBMC and Outlaws phone lists, meeting minutes, and ledgers

***Denied as moot***

6.      Admission of Hinkle's proffer-protected statements

***Denied as moot***

C.      Motion to Preclude and Limit Evidence/Arguments

1.      Limit evidence and argument concerning Crystal Quinn's history of mental illness, past suicide attempts, and suicidal ideations

***Denied as moot***

2.      Preclude comment, argument, and evidence regarding prosecutorial charging decisions that suggest the prosecution was instituted for selective or vindictive purposes

***Remains pending***

3.      Prohibit unfounded allegations of government misconduct or irrelevant challenges to the quality of the government's work – particularly that Crystal Quinn committed suicide after the government relentlessly tried to pressure her into lying about Gerace

***Remains pending***

4.      Preclude speculative or hearsay evidence of an alternate perpetrator – specifically, that Gogolack should be precluded from arguing that another individual may have distributed fentanyl to Crystal Quinn

*Denied as moot*

5.      Restrict use of third-party statements to impeach a witness – unless the witness has endorsed the statement, a third-party's notes or report of a witness's statement may not be admitted as a prior inconsistent statement unless it is a verbatim transcript of the witness's words

*Remains pending*

6.      Preclude the defense from eliciting self-serving hearsay by introducing a defendant's own statement

*Resolved at May 1, 2026, appearance that any objections in this regard will be resolved at trial; a defendant cannot elicit self-serving hearsay by introducing his own out-of-court statement, but Fed. R. Evid. 106 may be relevant consideration*

D.      Miscellaneous

1.      Motion to admit evidence regarding penalties associated with the offenses charged against Gerace in 1:19-cr-227 along with a jury instruction that the jury is to consider it as evidence only to Gerace's motive for silencing Crystal Quinn

*Remains pending*

2.      Motion to compel disclosure of an advice-of-counsel defense by Gerace

*Remains pending*

II.      Gogolack Motion *in Limine* (Dkt. 857)

A.      Motion to preclude evidence that Gogolack invoked his Fifth Amendment rights prior to arrest by declining WPD's request to complete a deposition regarding Crystal Quinn's death and requesting an attorney, relying on *United States v. Okatan*, 728 F.3d 111 (2d Cir. 2013)

*Denied as moot based on discussions on June 11, 2026*

B.    Motion to preclude evidence with respect to the severed counts of the indictment

***Remains pending at least with respect to counts subject to pending motion for rejoinder***

III.    Knight Motion *in Limine* (Dkt. 859)

A.    Motion to sequester witnesses

***Granted except as to parties, case agent, and Sharon Quinn in Gogolack trial.  Written decision to be issued.***

B.    Motion to preclude evidence of criminal activity not involving Knight

***Denied as moot***

C.    Hearsay objections

***Denied as moot***

D.    Preclusion of 404(b) testimony

***Denied as moot***

E.    Disclosure of an informant's identity

***Denied as moot***

F.    Motion to preclude expert testimony of FBI Agent John Orlando because the Google Location History records are misleading

***Previously denied***

G.    Motion to strike surplusage

***Previously denied***

H.    Motion for appointment of counsel for witnesses

*Previously denied*

I.    Motion for early disclosure of jury venire

*Previously granted*

J.    Motion for jurors to watch unconscious bias video

*Previously granted*

K.    Motion to preserve *Chatrie* issue

*Previously denied without prejudice*

IV.    Gerace Motion *in Limine* (Dkt. 898)

A.    Attorney conflict issues – Gerace seeks to preclude evidence regarding Steve Cohen and P. Lawrence because there has already been decisions in this District as to some of the conduct that the government alleges is criminal/fraudulent, some of the evidence is likely privileged, and the general impact of the evidence is to cast suspicion on defense attorneys

*Remains pending*

B.    Renewed motion for production of grand jury transcripts related to government toxicology reports and Steve Cohen's status as an unindicted co-conspirator

*Remains pending*

C.    Motion to sever

*Denied as moot*

D.    Motion to admit materials related to Crystal Quinn

*Remains pending*

E.    Motion to preclude evidence regarding the Outlaws

*Denied as moot*

F.      Motion to preclude government expert Jeremy Sheetz

***Denied as moot***

G.      Motion to preclude transcript of Roderick Arrington's appearance before Judge Sinatra because it would cast suspicion on Mr. Foti (Arrington's standby counsel), is irrelevant, and is unduly prejudicial

***Previously denied; transcript can be cleaned up to remove reference to Mr. Foti***

H.      Motion to admit evidence of Judge Michalski's suicide because it is relevant to demonstrate the government's pressure tactics, and otherwise preclude transcripts from Gerace's detention hearing because they contain statements that are irrelevant, unproven, and unfairly prejudicial

***Remains pending***

I.      Motion to preclude reference to guilty verdict in 19-cr-227

***Granted with no opposition from the government, unless Gerace testifies or opens the door***

J.      Motion to limit number of autopsy and crime scene photos under 403

***Denied as moot as to Gerace, and denied to the extent requested by Gogolack without prejudice to raise at the time of trial***

K.      Motion to preclude photos of Crystal Quinn while she was alive to gain sympathy for her

***Denied without prejudice to raise at the time of trial***

L.      Motion to preclude reference to Gerace being associated with organized crime

***Denied as moot***

M.      Motion to disclose and appoint counsel for unrepresented unindicted co-conspirators

***Denied***

N.      Motion to dismiss for violations of the Due Process Protections Act regarding Buchholz and Crowner

***Denied as moot as to Gerace***

O.      Objections to pronouns "they" and "them" because they are too vague

***Denied as moot***

P.      Renewed motion for Gerace's recorded jail calls

***Based on government's representations at appearance on June 11, 2026, that it will not seek to introduce any jail calls for Gerace after April 2023, denied as moot***

V.      Ermin Motion *in Limine* (Dkt. 899)

A.      Motion to preclude expert testimony of Jeremy Sheetz

***Denied as moot***

B.      Motion to preclude evidence regarding a rat hanging from a noose and a Nazi flag at the Outlaws Clubhouse

***Denied as moot***

VI.     Hinkle Motion *in Limine* (Dkt. 900; Dkt. 901)

A.      Motion to preclude reference to Hinkle as a member/associate of the RBMC (also filed at Docket 987)

***Denied as moot***

B.      Motion to admit Gogolack's recorded interview statements in which he spontaneously exculpated Hinkle

***Denied as moot***

C.      Motion to preclude evidence about drug and firearm allegations against Hinkle because the evidence goes to severed counts that is no longer relevant at this trial

***Denied as moot***

VII.   Roncone Motion *in Limine* (Dkt. 902; Dkt. 903)

   A.   Motion to preclude evidence related to count 25 (unlawful user of a controlled substance in possession of firearms) because it has been severed

***Denied as moot***

   B.   Motion to preclude photos of Crystal Quinn

***Denied as moot as to Roncone***

   C.   Motion to preclude references to motorcycle clubs as gangs

***Denied as moot***

VIII.   Gerace Motion to Exclude Witness Under 18 U.S.C. 3771 (Dkt. 949)

***Previously denied, but now moot as to Gerace; decision to be issued***

IX.   Gerace Motion to Strike Surplusage and to Preclude Evidence (Dkt. 960)

***Remains pending***

X.   Government's Supplemental Letter re: Crysal Quinn's Out-Of-Court Statements (Dkt. 947), related to Trial Memorandum of Law on Forfeiture by Wrongdoing (Dkt. 848)

***Denied as moot request to admit statements under FRE 804(b)(6)***

XI.   Hinkle Motion to Strike Surplusage (Dkt. 952)

***Denied as moot***

XII.    <u>Knight Motion to Preclude Testimony (Dkt. 984)</u>

***<u>Denied as moot</u>***


XIII.    <u>Government's Trial Memorandum on Privilege (Dkt. 848)</u>

***<u>Previously held that Gerace failed to show P. Lawrence was retained by counsel so that relationship was privileged, and alternatively that any work product privilege involving P. Lawrence audio tape was waived and there was a substantial need for it that overcame any privilege</u>***


SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    June 17, 2026
          Rochester, New York